UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                    CASE NO. 13-20690
                                            HON. GERSHWIN A. DRAIN

v.

DAVID SMILEY,

       Defendant.
                                 /

**ORDER DENYING DEFENDANT'S MOTION FOR BOND [#19]**

**I.  INTRODUCTION**

On September 19, 2013, Defendant David Smiley was charged in a two-count Information for violating 18 U.S.C. § 2252A(a)(1), transportation of child pornography, and for violating 18 U.S.C. § 2252A(a)(5)(B), possession of child pornography.  On December 5, 2013, Defendant pleaded guilty to Count I of the Information for transportation of child pornography by way of a Rule 11 Plea Agreement. *See* Dkt. No. 17.  Defendant's sentencing is scheduled for April 3, 2014.

Presently before the Court is Defendant's Motion for Bond, filed on January 28, 2014. Defendant seeks an order releasing him from custody pending sentencing so that he may take care of financial and personal matters prior to serving his sentence.  The Government filed a Response in Opposition on February 17, 2014.  A hearing was held on February 27, 2014.  For the reasons that follow, Defendant's Motion for Bond is denied.

**II.  FACTUAL BACKGROUND**

On April 15, 2013, Defendant drove a truck to Detroit from Canada. At the Fort Street Cargo Facility, Defendant was referred to secondary for a more thorough inspection. Defendant was found to have hundreds of images and movies of child pornography on his laptop computer and cellular phone. Defendant acknowledged downloading the child pornography from the internet using a file-sharing protocol. A full forensic review of Defendant's personal computer revealed four hundred and thirty five (435) images and fourteen (14) videos of child pornography.

Subsequent investigation revealed that Defendant has traveled in interstate commerce to engage in sex with minors, including a fifteen-year old girl from Texas and a sixteen-year old girl from Kentucky. Federal agents also conducted a search of Defendant's home and found more child pornography on other computing devices. In total, Defendant had six hundred and sixty one (661) videos and three thousand and twenty seven (3,027) images of child pornography in his possession, including dozens of nude images of the minor victims in Texas and Kentucky.

On April 19, 2013, Defendant appeared for a detention hearing and consented to detention at the hearing. After extensive negotiations between Defendant and the Government, including the United States Attorneys' offices for this district, for the Western District of Kentucky, for the Eastern District of Texas and the Southern District of Ohio, a universal agreement was reached as to the criminal investigation of Defendant in all the participating districts.

As such, on December 5, 2013, Defendant agreed to enter into the Rule 11 Plea Agreement in order to avoid the more serious charges that could have been brought in several other jurisdictions. Moreover, by agreeing to enter a plea and avoid additional charges, Defendant agreed to "not request a sentence of imprisonment of less than 180 months." *See* Dkt. No. 17 at 6.

**III.    LAW & ANALYSIS**

As an initial matter, Defendant improperly relies on 18 U.S.C. § 3142 in support of his release, however since Defendant has pleaded guilty to Count I, his motion is governed by 18 U.S.C. § 3143. *See* Fed. R. Crim. P. 46(c) ("The provisions of 18 U.S.C. §3143 govern release pending sentencing or appeal."); *see also* 18 U.S.C. §3142 (governing "[r]elease or detention of a defendant pending trial"); 18 U.S.C. §1343 (governing "[r]elease or detention of a defendant pending sentence or appeal").

Moreover, the Government contends, and the Court agrees, that § 3143(a) bars Defendant's release on bond pending sentencing. Specifically, the statute states:

§ 3143. Release or detention of a defendant pending sentence or appeal

\*              \*              \*

(2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of section (f)(1) of section 3142 and is awaiting imposition of execution of sentence be detained unless--
   (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
   (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
   (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2). Section 3142(f)(1)(A) includes "a crime of violence." 18 U.S.C. §3142(f)(1)(A). Under 18 U.S.C. § 3156(a)(4)(C), "crime of violence," is defined to include "any felony under chapter . . .110 . . . ." 18 U.S.C. § 3156(a)(4)(C).

Here, Defendant stands convicted of transportation of child pornography pursuant to 18 U.S.C. § 2252A, which is a felony under Chapter 10 of Title 18. As such, this Court must detain Defendant pending sentencing in this matter, unless the Court finds that the exceptions to detention available under § 3143(a)(2) are applicable under the circumstances. Defendant pleaded guilty, thus there will be no motion for a new trial or for acquittal, nor will the Government recommended that

no sentence be imposed. *See* 18 U.S.C. § 3143(a)(2). The Rule 11 Plea Agreement calls for a sentence between fifteen and twenty years in custody.

The Court notes that neither party addresses the "exceptional reasons" section of 18 U.S.C. § 3145(c), which states in pertinent part:

> A person subject to detention pursuant to section 3143(a)(2) . . ., and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

18 U.S.C. § 3145(c). The United States Court of Appeals for the Sixth Circuit has held that a district court has authority under § 3145(c) to release a defendant pending sentencing notwithstanding the mandatory language set forth in § 3143(a)(2). *See United States v. Christman*, 596 F.3d 870, 870-71 (6th Cir. 2010) ("Although we have never explicitly held in a published decision that the district court has authority to release a defendant being detained pursuant to §3143(a)(2) upon a showing of 'exceptional reasons' under § 3145(c), we have reached that conclusion in an unpublished decision."); *see also, United States v. Cook*, 42 F. App'x 803, 804 (6th Cir. 2002); *United States v. Reynolds*, No. 12-20843, 2013 U.S. Dist. LEXIS 125722 , *36-39 (E.D. Mich. Sept. 4, 2013) The *Christman* court reversed and remanded the decision with directions to the district court to consider whether exceptional reasons existed to warrant the defendant's release pending sentencing. *Christman*, 596 F.3d at 871.

Here, Defendant fails to identify any exceptional reasons justifying his release pending sentencing. Defendant seeks release to take care of some personal matters that his family cannot handle for him, as well as so he can undergo a dental procedure that had been scheduled prior to his arrest. There is an absence of any precedent for concluding that such factors amount to exceptional reasons under § 3145(c). *See Cook*, 42 F. App'x at 804 (6th Cir. 2002) (finding that cooperation

with the government, economic hardship, and hardship to family did not combine to make exceptional reasons); *Reynolds*, 2013 U.S. Dist. LEXIS 125722, at *36-39 (concluding that the fact defendant's mother suffered from lupus requiring defendant's care, the defendant's adult daughter suffered from mental illness requiring that defendant make arrangements for her care, and that defendant was the sole owner of a small business insufficient to establish exceptional reasons warranting release pending sentencing).

Lastly, at the hearing on this matter, counsel for Defendant argued that *United States v. Savage*, No. 12-20394, supports his argument for release pending sentencing because the defendant in *Savage* was released on bond pending his sentencing. However, *Savage* is distinguishable from the present matter. In *Savage*, the defendant pleaded guilty to violating 18 U.S.C. § 2250(a), for his failure to register as a sex offender. Thus, his request for bond was governed by § 3143(a)(1), which states that a defendant who has been found guilty "shall . . .be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ." 18 U.S.C. § 3143(a)(1). In the instant case, Defendant has been convicted "of an offense . . . described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142[]" therefore, his request for bond is governed by 18 U.S.C. § 3143(a)(2), which is mandatory. The defendant in *Savage* was convicted of violating 18 U.S.C. § 2250(a), which is not a listed crime requiring mandatory detention pending sentencing under § 3143(a)(2). Defendant's reliance on *Savage* is therefore misplaced.

**IV.    CONCLUSION**

For the foregoing reasons, Defendant's Motion for Bond [#19] is DENIED.

SO ORDERED.

Dated: March 3, 2014                               /s/Gershwin A Drain
                                                                  GERSHWIN A. DRAIN
                                                                  UNITED STATES DISTRICT JUDGE